IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SKYLAR HARRISON,

    Plaintiff.

v.

DOUGLAS COUNTY ET AL.,

    Defendants.

Civ. No. 10-1387-TC

OPINION AND ORDER

Coffin, Magistrate Judge:

On November 12, 2010, plaintiff filed suit under 42 U.S.C. § 1983, alleging violation of his constitutional right to substantive due process, negligence, deliberate indifference, and a municipal liability claim. Currently before me is plaintiff's motion for leave to file an amended complaint by

1 – OPINION AND ORDER

adding Conmed Healthcare Management, Inc. ("Conmed") and two of its employees, Stephen Baker and Bonnie Reaney, as defendants. (# 30). Specifically, plaintiff seeks to add a deliberate indifference claim against these new defendants. The County defendants oppose plaintiff's motion.

## FACTUAL BACKGROUND

In the proposed amended compliant, plaintiff alleges that he has a history of severe mental illness and criminal charges stemming from his illness, including unauthorized use of a vehicle, resisting arrest, and criminal possession of a forged instrument. Plaintiff was arrested at the Job Corps camp where he was working on November 12, 2008 and taken to the Douglas County Jail. Plaintiff alleges that his history of mental illness violence was well-known to both his employer and his mother, and would have been available upon inquiry. Plaintiff claims he was booked into jail and placed in a holding cell without being given the screening or mental health medications mandated by Douglas County policy.

While in the holding cell, plaintiff got into a fight with other inmates. A deputy broke up the fight and put plaintiff in an isolation cell ("ISO-4"). Shortly thereafter, other inmates told jail staff that plaintiff was acting strangely. A deputy put plaintiff in a wrist-lock escort hold, breaking his arm. At the time of the incident Conmed Healthcare, Inc contracted with Douglas County to supply medical and mental health care to Douglas County Inmates. At times relevant to this action, Conmet employed Bonnie Reany and Stephen Baker.

On May 7, 2009, plaintiff served a tort claims notice on Douglas County. The tort claims notice stated that he planned to file suit against Douglas County. (# 35). The notice stated that "[t]he federal law claims against Douglas County and its departments, officers, employees, and/or agents, arise out of the County's violation of Mr. Harrison's civil rights under 42 U.S.C. § 1983, the Fourth,

...

Eighth, and Fourteenth Amendments to the U.S. Constitution, due to deprivation of due process, deliberate indifference to Mr. Harrison's health and safety; and policies, customs, or practices that allowed such violations to occur." (Id.) On November 12, 2010, the same day the two year statute of limitations ran[1], plaintiff filed a complaint in federal court against Douglas County, Deputy Provencal, and Deputy Case. Plaintiff now seeks to amend his complaint to add a section § 1983 deliberate indifference claim against Conmed and its two employees Reaney and Baker. At oral argument, plaintiff argued that it was only during discovery that he learned that Conmed contracted with the County to provide medical and mental health services to the jail. Defendant County opposes the motion, arguing that the deliberate indifference claim is barred by the statute of limitations. Specifically, the County notes that, as evidenced by the tort claim notice, plaintiff was aware that he might have a deliberate indifference claim in May of 2009 and did not need additional discovery to make him aware of this potential claim.

## DISCUSSION

Rule 15(a) provides that a pleading may be amended freely "when justice so requires." Fed. R. Civ. Proc. 15(a). "A district court does not err in denying leave to amend where the amendment would be futile...or would be subject to dismissal." Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991); see also, Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988). Amendments not made within applicable statutes of limitations are futile. See Bonin, 59 F.3d at 846.

---

[1] Oregon's two year statute of limitations applies to plaintiff's section 1983 claims. Cooper v. Ashland, 871 F.2d 104, 105 (9th Cir. 1989).

This prohibition applies especially to cases where the facts giving rise to a new claim were known to the plaintiff at the outset of the case. See Bonin, 59 F.3d at 846; see also, Garcia v. Vilsack,628 F. Supp. 2d 1306 (D. N.M. 2009)(holding that a motion to amend a complaint after the statute of limitations had run was barred because plaintiff had complained to her organization before securing counsel and therefore was aware of all relevant facts before she filed her original complaint). In cases where a party was aware of the facts that led to the injury at the time of the original complaint, courts tend to disallow motions to amend. Id.

If, however, a party does not become aware of facts which lead to a new claim until after the statute of limitations for the complaint has run, the amendment is not time-barred. Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274(4th Cir. 1987). In Island Creek, the plaintiffs discovered facts supporting a new claim after the statute of limitations had run and sought to amend their claim. Id. at 278. The court found that the amendment was proper even though the case had been pending for three years. Id. at 279. The court was unwilling to deny the motion if it meant that plaintiffs would be "denied the opportunity to a hearing on the merits of their claim, which they brought before the court with reasonable promptness after the discovery of the facts supporting their claim, facts which had been known to the defendant for a considerable length of time." Id.

Here, plaintiff's May 2009 tort notice specifically mentioned a section 1983 deliberate indifference claim. (#35). Then, as noted above, plaintiff decided not to include that claim in his November 12, 2010 complaint filed in federal court. During oral argument, plaintiff's counsel argued that she learned that Conmed had contracted to provide medical and mental health care for jail inmates and had created the forms used during the intake process. This, however, does not explain why plaintiff failed to include this claim in his original complaint. Unlike the situation in

the Island Creek case, plaintiff knew before he filed his November 2010 complaint that he had a potential deliberate indifference claim. The record shows that he did not need additional discovery to make him aware of his potential deliberate indifference claim. The statute of limitations for plaintiff's claim ran on November 12, 2010. There is no mention of a deliberate indifference claim in his original complaint and, thus, no relation back of this claim. Accordingly, his deliberate indifference claim is time barred and amendment would be futile.

## CONCLUSION

Because amendment would be futile, plaintiff's motion to amend his complaint is denied. This matter is set for a scheduling conference on December 15, 2011. (#40). The court will set discovery and dispositive motion deadlines at that time.

IT IS SO ORDERED.

Dated this ____ day of December, 2011.

_____
Thomas Coffin
United States Magistrate Judge

5 - OPINION AND ORDER